# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-197-RJC-DCK

| | |
|---|---|
| SEMARIA GASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| NGOC NGUYEN, VI TRUONG, | ) |
| CHRISTY HUONG, and TRAM NDO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 7) and "Defendant's Motion To Dismiss" (Document No. 10) filed July 9, 2019. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be granted.

## I. BACKGROUND

Semaria Gass ("Plaintiff" or "Gass"), appearing *pro se*, filed a form "Complaint" (Document No. 1) on April 23, 2019. The Complaint asserts claims against Defendants Ngoc Nguyen ("Nguyen"), Christy Huong ("Huong"), Vi Truong ('Truong") and Tram Ndo ("Do") (together, "All Defendants") for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Document No. 1). Plaintiff suggests that she was unlawfully terminated by each Defendant based on her race and/or in retaliation for customers/clients requesting Plaintiff. (Document No. 1).

On July 7, 2019, Nguyen and Do (together, "Defendants") filed the pending Motions To Dismiss (Document Nos. 7 and 10) pursuant to Fed.R.Civ.P. 12(b)(6), (7), and Fed.R.Civ.P. 19. The undersigned issued a "Roseboro Order" (Document No. 12) on July 10, 2019, reminding Plaintiff of her response deadline. Plaintiff timely filed a "Response" (Document No. 13) on July 11, 2019. The undersigned notes that Defendants have failed to file a reply brief, or notice of intent not to reply, and the time to do so has lapsed. See Local Rule 7.1(e).

In addition, Plaintiff filed motions for default judgment against Defendants on July 11 and July 30, 2019. See (Document Nos. 14, 15, 19, and 20).

This matter is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants Nguyen and Do have filed nearly identical motions to dismiss and memoranda in support. See (Document Nos. 7, 8, 10, and 11). For purposes of this Memorandum And Recommendation ("M&R"), the undersigned will consider the issues and legal arguments for both moving Defendants together.

Nguyen and Do hired Plaintiff, an African American female, to work in their respective nail salons. (Document Nos. 8 and 11, pp. 1-2). Defendants note that the Complaint alleges that All Defendants wrongfully terminated Plaintiff while she provided services for their separate and distinct businesses. (Document Nos. 8 and 11, p. 2). Defendants contend that Plaintiff worked as an Independent Contractor for All Defendants at various times. Id.

Defendants first argue that this action should be dismissed because neither Title VII, nor any other statute cited by Plaintiff, is applicable here. (Document Nos. 8 and 11, p. 3). They assert

3

that clearly established law provides that an individual is only protected if at the time of the alleged discrimination she was an "employee." Id. Nguyen contends that that Plaintiff was a contractor who executed an Independent Contract Agreement" (Document No. 8-1) with Nail Spa of Charlotte, Inc. (Document No. 8, p. 3). Do contends that Plaintiff was essentially given an extended interview/trial period at Upscale Nails in Huntersville, N.C., but was never offered employment or an employment agreement, and was never compensated. (Document No. 11, pp. 3-4). Both Defendants contend that Plaintiff failed to join a necessary party pursuant to Fed.R.Civ.P. 19(a). (Document No. 8, p. 3; Document No. 11, p. 4).

Defendants argue that because they each employed fewer than 15 people during the relevant time periods, they are not "employers" and Title VII is not applicable. (Document Nos. 8 and 11, p. 4) (citing 42 U.S.C. § 2000e (b)) ("The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . .").

Next, Defendants argue that the "Complaint fails to establish a prima facie case of discrimination." (Document Nos. 8 and 11, p. 5). Defendants note that to succeed on a discriminatory discharge claim Plaintiff must show that:

> (1) she was a member of a protected class; (2) she was satisfactorily performing her job at the time of the termination; (3) she was terminated from her employment; and (4) the prohibited conduct in which she engaged was comparable in seriousness to misconduct of other employees outside the protected class who received less severe discipline.

Id. (citing Hoyle v. Freightliner, LLC, 650 F.3d 321, 336 (4th Cir. 2011). Defendants argue that Plaintiff has not alleged that she was satisfactorily performing her job at the time of termination, and re-assert that she was never an "employee." (Document No. 8, p. 5; Document No. 11, pp.

4

5-6). Defendants assert that Plaintiff "wrongfully attempts to join multiple unaffiliated defendants together in an effort to prove discrimination based on her experiences in the industry." (Document Nos. 8 and 11, p. 5).

Defendants also argue that Plaintiff "has failed to present a satisfactory comparator who received preferential treatment." (Document Nos. 8 and 11, p. 6). Moreover, Plaintiff has failed to allege that she was treated disparately in comparison to a person outside her protected class. Id.

Defendants conclude that Plaintiff has failed to state a claim upon which relief could be granted and therefore her claim should be dismissed. (Document Nos. 8 and 11, p. 6).

In response, *pro se* Plaintiff fails to address Defendants' legal arguments. (Document No. 13). Instead, Plaintiff alleges that she has "been discriminated against in every way possible in these Asian owned nail salons," and makes other general assertions about the alleged business practices of Asian owned businesses. Id. Plaintiff does not dispute that Defendants' businesses employed fewer than 15 people, and she acknowledges that she was an Independent Contractor. Id.

As an initial matter, the undersigned observes that Plaintiff attached four (4) Notices of Right To Sue to her Complaint from the U.S. Employment Opportunity Commission ("EEOC") (Document No. 1-1, pp. 1-8) that were issued on March 27, 2019. Plaintiff did not include her Charges of Discrimination. The Notice related to Defendant Do states that Plaintiff's Charge No. 430-2019-01217 was not timely filed. (Document No. 1-1, p. 1). The Notice related to Defendant Nguyen states that the EEOC could not conclude a violation of statute was established as to Charge No. 430-2019-01418. (Document No. 1-1, p. 7).

There appear to be multiple deficiencies with Plaintiff's lawsuit. Even accepting the allegations in the Complaint as true, the undersigned is not persuaded that *pro se* Plaintiff has

alleged plausible factual support of racial discrimination. Notably, the Complaint alleges very little factual content, but what it does allege suggests non-discriminatory reasons for Plaintiff's terminations: (1) "because the Manager couldn't do the services she fired me;" (2) "defendant said none of her other employees liked me and I was causing disruption because her clients were requesting me;" (3) defendant terminated me because she felt more comfortable with her cousin helping her;" and (4) "defendant fired me because one of her original clients preferred my service." (Document No. 1, pp. 4-5). Plaintiff's brief and conclusory statements in the Complaint do not support plausible claims for discrimination. In fact, Plaintiff does appear to even adequately allege the elements of a claim for discriminatory discharge.

Based on Defendants' arguments and a lack of sufficient factual content supporting a claim of termination based on race, the undersigned will recommend that the motions to dismiss be granted.

Although the motions for default judgment against Nguyen and Do (Document Nos. 19 and 20) have not been referred, based on the foregoing, the undersigned will recommend that those motions be denied as moot.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document Nos. 7) be **GRANTED** and that "Defendant's Motion To Dismiss (Document No. 10) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motions for Default Judgment against Defendants Nguyen and Do (Document Nos. 19 and 20) be **DENIED AS MOOT**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 13, 2020

_____
David C. Keesler
United States Magistrate Judge