UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00197-RJC-DCK

| SEMARIA GASS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| NGOC NGUYEN, CHRISTY HUONG, VI TRUONG, and TRAM NDO, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motions for Default Judgment. (Doc. Nos. 14 to 15 and 19 to 20.)

## I. BACKGROUND

On April 23, 2019, Plaintiff filed a pro se Complaint against Defendants Ngoc Nguyen ("Nguyen"), Christy Huong ("Huong"), Vi Truong ("Truong"), and Tram Ndo ("Ndo"). (Doc. No. 1.) The Complaint asserts a claim for racial discrimination under Title VII of the Civil Rights Act of 1964, alleging that Plaintiff was terminated from four different nail salons because of her race.

On July 9, 2019, counsel for Nguyen and Ndo entered an appearance in this action and filed separate motions to dismiss on their behalves. (Doc. Nos. 6 to 7 and 9 to 10.) On July 11, 2019, Plaintiff filed two Motions for Default Judgment as to Huong and Truong. (Doc. Nos. 14 to 15.) On July 29, 2019, Huong filed an Answer to the Complaint. (Doc. No. 18.) On July 30, 2019, Plaintiff filed two additional Motions for Default Judgment as to Ndo and Nguyen. (Doc. Nos. 19 to 20.)

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs Plaintiff's Motions for Default Judgment. "Rule 55 sets forth a two-step process for obtaining a default judgment." Brown v. Prime Star Grp., Inc., No. 3:12-cv-165, 2012 U.S. Dist. LEXIS 141495, at *5 (W.D.N.C. Sept. 30, 2012). A plaintiff must first seek an entry of default under Rule 55(a). L & M Cos. v. Biggers III Produce, Inc., No. 3:08-cv-309, 2010 U.S. Dist. LEXIS 46907, at *14 (W.D.N.C. Apr. 9, 2010). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." Brown, 2012 U.S. Dist. LEXIS 141495, at *4.

"After the clerk has entered a default, the plaintiff may seek a default judgment." Silvers v. Iredell Cty. Dep't of Soc. Servs., No. 5:15-cv-00083, 2016 U.S. Dist. LEXIS 13865, at *9 (W.D.N.C. Feb. 3, 2016). Default judgment is proper "only if the well-pleaded factual allegations in a complaint both establish a valid cause of action and entitle the plaintiff to an award of damages or other relief." i play. Inc. v. D. Catton Enter., LLC, No. 1:12-cv-22, 2015 U.S. Dist. LEXIS 29870, at *6 (W.D.N.C. Mar. 10, 2015). In so deciding, courts in this district apply the standard used to evaluate a Rule 12(b)(6) motion to dismiss, and "a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Silvers, 2016 U.S. Dist. LEXIS 13865, at *18–19 (quoting Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009)).

"If the Court determines that liability is established, it must then determine the appropriate amount of damages." Bogopa Serv. Corp. v. Shulga, No. 3:08-cv-365, 2011 U.S. Dist. LEXIS 17408, at *4 (W.D.N.C. Feb. 8, 2011). "The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages." EEOC v. Carter Behavior Health Servs., No. 4:09-cv-122, 2011 U.S. Dist. LEXIS 129493, at *9–10 (E.D.N.C. Oct. 7, 2011). "[A] court may enter a default judgment as to damages with or without a hearing. As long as there is an adequate evidentiary basis in the record for an award of damages, the Court may make such a determination without a hearing." Bogopa Serv. Corp., 2011 U.S. Dist. LEXIS 17408, at *5 (citation omitted).

### III. DISCUSSION

Plaintiff has not obtained an entry of default as to any Defendant; however, entry of default is not appropriate in this case. Default may be entered against a defendant only when the defendant has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Here, three of the four Defendants have pleaded or otherwise defended against this action. Nguyen and Ndo retained counsel who filed notices of appearance on their behalves on July 9, 2019. That same day, Nguyen and Ndo filed motions to dismiss Plaintiff's Complaint, which constitutes otherwise defending against the action. Moseley v. Countrywide Home Loans, Inc., No. 7:09-cv-210-FL, 2010 U.S. Dist. LEXIS 114164, at *4 (E.D.N.C. Oct. 25, 2010). Huong filed her Answer to Plaintiff's Complaint on July 29, 2019. As Huong, Nguyen, and Ndo have answered

or otherwise defended against Plaintiff's Complaint, entry of default against these defendants is not appropriate.

Entry of default is also not appropriate as to Truong. "[E]ffective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant." Henderson v. L.A. Cty., No. 5:13-cv-635, 2013 U.S. Dist. LEXIS 170928, at *2–3 (E.D.N.C. Dec. 3, 2013) (quotation marks omitted). "This is because a defendant's duty to respond to a complaint only arises upon proper service of process." Hinson-Gribble v. United States Office of Pers. Mgmt., No. 5:16-cv-00070, 2018 U.S. Dist. LEXIS 142561, at *5 (E.D.N.C. Aug. 22, 2018). "Thus, plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered." Henderson, 2013 U.S. Dist. LEXIS 170928, at *3; see also Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court."). "Except where service is made by a United States marshal or deputy marshal, proof of service must be made to the court by the server's affidavit." Hinson-Gribble, 2018 U.S. Dist. LEXIS 142561, at *5 (citing Fed. R. Civ. P. 4(*l*)(1)). Under Rule 4, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

Here, Plaintiff has failed to prove proper service of process on Truong. Plaintiff's Motion for Default Judgment against Truong merely states Plaintiff "would like to request a default judgment and full favor in [her] discrimination lawsuit against Vi Truong." (Doc. No. 15.) Although Plaintiff submitted proof of service of the summons on Truong, (Doc. No. 5, at 2), there is no evidence that

4

Plaintiff properly served a copy of the Complaint on Truong as required by Rule 4.

Even if Plaintiff had established proper service of process on Truong, default judgment would not be appropriate. As stated above, default judgment is proper "only if the well-pleaded factual allegations in a complaint both establish a valid cause of action and entitle the plaintiff to an award of damages or other relief." i play. Inc., 2015 U.S. Dist. LEXIS 29870, at *6. In determining whether a complaint establishes a valid cause of action, courts apply the standard applicable to a Rule 12(b)(6) motion to dismiss. Silvers, 2016 U.S. Dist. LEXIS 13865, at *18–19.

Plaintiff brings a claim for racial discrimination under Title VII, alleging that Truong terminated Plaintiff's employment at a nail salon because of her race. Title VII makes it unlawful for an employer to discharge an employee or otherwise discriminate against an employee "with respect to his compensation, terms, conditions, or privileges of employment" because of the employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). A claim for race-based discriminatory discharge under Title VII requires plaintiff to prove that she was discharged because of her race. Wall v. City of Durham, 169 F. Supp. 2d 466, 473–74 (M.D.N.C. 2001). A plaintiff can prove such racial discrimination with direct evidence of discrimination or with circumstantial evidence under the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Paris v. ARC/Davidson Cty., Inc., 307 F. Supp. 2d 743, 753 (M.D.N.C. 2004). Direct evidence includes "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the

5

contested employment decision." Hill v. Lockheed Martin Logistics Mgmt., 354 F.3d 277, 284–85 (4th Cir. 2004). In the absence of direct evidence, plaintiff may proceed under the McDonnell Douglas framework, which requires plaintiff to first establish a prima facie case of racial discrimination. Wall, 169 F. Supp. 2d at 473. To establish a prima facie case of racial discrimination, plaintiff must prove "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Emami v. Bolden, 241 F. Supp. 3d 673, 679 (E.D. Va. 2017). At the motion to dismiss stage, plaintiff must allege sufficient facts to allow the Court to find either that plaintiff pleaded a direct case or that plaintiff pleaded a prima facie case. Hinton v. Va. Union Univ., 185 F. Supp. 3d 807, 818 (E.D. Va. 2016).

Here, the Complaint lacks many facts, but the factual allegations it contains are insufficient to support a plausible claim for racial discrimination. Plaintiff alleges that Truong "fired [her] because one of [Truong's] original clients preferred [Plaintiff's] service so [Truong] fired [Plaintiff] in front of client and told client to leave as well." (Doc. No. 1, at 5.) Plaintiff further alleges that a recent employee was let go for the same reason—a client requested the employee over Truong. (Doc. No. 1, at 5.) These allegations suggest non-discriminatory reasons for Truong's employment decision. The Complaint lacks factual allegations to support a plausible claim for race-based discrimination. Therefore, even if Plaintiff had proven effective service of process on Truong, default judgment would not be appropriate.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Default Judgment, (Doc. Nos. 14 to 15 and 19 to 20), are **DENIED**.

Signed: February 21, 2020

Robert J. Conrad, Jr.
United States District Judge