UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00197-RJC-DCK

| | |
|---|---|
| SEMARIA GASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **Order** |
| NGOC NGUYEN, | ) |
| VI TRUONG, | ) |
| CHRISTY HUONG, and | ) |
| TRAM NDO, | ) |
| | ) |
| Defendants. | |

**THIS MATTER** is before the Court on its own motion. After review by the Court, Plaintiff's Complaint (DE 1) fails to adequately state a claim for which relief may be granted. Plaintiff has also failed to timely prosecute the action. For the reasons stated herein, the Court hereby orders that Plaintiff's Complaint be **DISMISSED**.

I. BACKGROUND

Plaintiff filed a *pro se* form Complaint alleging employment discrimination under Title VII based on her race and/or in retaliation for customers requesting Plaintiff. (DE 1). The named Defendants are each individuals which Plaintiff sued in their personal capacity. Defendants Nguyen and Ndo filed Motions to Dismiss for failure to state a claim which this Court granted, namely for failing to allege plausible factual support of racial discrimination. (DEs 7, 10, 27, 29). The Court then issued a Show Cause Order for failure to prosecute as, "[o]ther than filing the motions for default judgment in July 2019, Plaintiff has failed to make any effort to move this case forward, which has been pending for almost one year." (DE 30 at 2). Plaintiff responded with legal and factual arguments regarding the sufficiency of her claims but failed to address her failure

to timely prosecute the case. (DE 31).

## II. STANDARD OF REVIEW

A court is empowered to dismiss a case *sua sponte* under Rule 12(b) where the plaintiff has clearly failed to state a claim for relief. *See* FED. R. CIV. P. 12(b)(6); *Grier v. United States*, No. 94-2319, 1995 U.S. App. LEXIS 14789, at *2 (4th Cir. 1995) (noting that, when it is clear as a matter of law that no relief could be granted under any set of facts, the court is warranted in either granting a motion to dismiss for failure to state a claim or ordering dismissal *sua sponte* under Rule 12(b)(6)) (unpublished); *Allran v. New York Fed. Reserve Bank*, No. 3:10-CV-200-GCM, 2010 WL 2163281, at 1* (W.D.N.C. May 27, 2010) (dismissing complaint with prejudice under Rule 12(b)(6) where his claims that a conspiracy by defendants to establish a "New World Order" for the purpose of perpetrating an "evil scheme to rule the world [and] engage in intentional, evil, sinful, unlawful and deceitful acts" fail to state a claim upon which relief can be based), *aff'd Allran v. Wells Fargo*, 424 Fed. Appx. 198 (4th Cir. 2011). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." (internal quotations omitted)).

## III. DISCUSSION

The Fourth Circuit, along with most sister circuits, have found that individuals are not liable under Title VII as permitting "individual liability would improperly expand the remedial scheme crafted by Congress." *See Lissau v. Southern Food Serv.*, 159 F.3d 177, 181 (4th Cir. 1998); *see also Fantini v. Salem State College*, 557 F.3d 22, 30 (1st Cir. 2009), *and Tomka v. Seiler Corp.*, 66 F.3d 1295, 1315 (2d Cir.1995), *and Sheridan v. E.I. DuPont de Nemours and Co.*,

2

100 F. 3d 1061, 1077–78 (3d Cir. 1996), *and Indest v. Freeman Decorating, Inc*., 164 F.3d 258, 262 (5th Cir. 1999), *and Wathen v. General Elec. Co*., 115 F.3d 400, 405 (6th Cir. 1997), *and Williams v. Banning*, 72 F.3d 552, 555 (7th 1995), *and Powell v. Yellow Book USA, Inc*., 445 F.3d 1074, 1079 (8th Cir. 2006), *and Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied*, 510 U.S. 1109 (1994), and *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996), *and Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

Here, Plaintiff only listed individual supervisors as liable under her Title VII claims. As individuals cannot be sued under Title VII, Plaintiff's remaining claims against Defendants Huong and Truong lack viability. Additionally, the claim against Defendant Truong is also nonviable as it was not timely filed with the EEOC (DE 1-1 at 5) and relief is foreclosed. *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019). Finally, Plaintiff failed to address her failure to timely prosecute the case as required by the Show Cause Order issued by this Court. For the foregoing reasons, Plaintiff's remaining claims against Defendants Huong and Truong are dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED without prejudice** for failure to state a claim pursuant to Rule 12(b)(6) and for failure to prosecute the case.

2. The Clerk is directed to close the case.

**SO ORDERED**.

Signed: December 30, 2021

Robert J. Conrad, Jr.
United States District Judge